IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae | ) ) ) | Case No.: 4:25-cv-10482-JD-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) | **ORDER AND OPINION** |
| C.F.O. Mike McGuire, Rachel Sickles, C.F.O. Andrew Young, C.F.O. Todd Cello, C.F.O. John Gamble, C.F.O. Lloyd Pitchford, C.F.O. John Sauerland, C.F.O. Paul Sanghera, C.F.O. Nikki Gloff, C.F.O. Brian Savoy, Director Kevin Shwedo, Officer Feagan, Finance Officer Mark Barnes, Officer Mailey, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on the Report and Recommendation ("Report")
of United States Magistrate Judge Thomas E. Rogers III (DE 13), issued under 28
U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the
Magistrate Judge's review of Plaintiff Travis McCrea, a/k/a Travis McCrae, a/k/a
Travis Sintell, McCrae's ("Plaintiff" or "McCrae") pleadings. [1] (DE 5.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In brief, Plaintiff is proceeding *pro se* and *in forma pauperis* and initiated this action against numerous defendants alleging wide-ranging financial, constitutional, and statutory violations. Plaintiff was afforded an opportunity to amend his complaint to cure identified deficiencies. Despite amendment, the Magistrate Judge determined that the pleading remains deficient and subject to summary dismissal.

## B. Report and Recommendation

On September 12, 2025, the Magistrate Judge issued the Report recommending dismissal of this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. The Report concludes that Plaintiff failed to state a plausible claim for relief and relied on conclusory assertions, legally frivolous theories, and statutes that do not provide a private right of action.

Plaintiff thereafter filed a Motion to Reopen Time to File Objections (DE 17) and Objections to the Report (DE 18).

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district

2

judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff's objection identifies five grounds without any facts or legal authority to support the same. Plaintiff asserts:

1. Federal Question Jurisdiction. The claims arise directly under the above-cited federal statutes; the Magistrate Judge erred in treating them as state-law matters.

2. Violations of 15 U.S.C. § 1604. Defendants failed to furnish required TILA disclosures, misinterpreted lending regulations to their own advantage, and thereby committed statutory fraud.

3. Breach of Fiduciary Duty and Unjust Enrichment. Closing and seizing Plaintiff's funds without cause violated contractual trust obligations and resulted in unlawful enrichment.

4. Discrimination and Racketeering. Defendants' pattern of conduct-coordinated closures, false reporting, and denial of services-constitutes organized discrimination and racketeering activity under 18 U.S.C. § 1962.

5. Executive-Order Non-Compliance. Their actions contradict standing presidential directives requiring nondiscriminatory banking and truthful consumer disclosures in all federally insured institutions.

6. Treaty and Territorial Rights. Plaintiff's property and trust interests are protected under the Woodland Indian Treaty and the Terra Firma Doctrine, which remain binding federal law under U.S. Const. art. VI.

(DE 18 at 2–3.) Plaintiff's objections largely restate allegations previously raised in his pleadings and assert generalized disagreement with the Report. (DE 18.) Plaintiff invokes numerous statutory, constitutional, and treaty-based theories but does not identify any specific error in the Magistrate Judge's analysis. Therefore, the objections are overruled.

To the extent the objections attempt to raise new theories or seek merit determinations, such arguments are improper at this stage and do not cure the pleading defects.

### E. Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 13) and incorporates it herein by reference.

It is, therefore, ORDERED that:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE and without issuance and service of process;

2. Plaintiff's Motion to Reopen Time to File Objections (DE 17) is DENIED AS MOOT; and

3. Plaintiff's Motion for Protective Order and Injunctive Relief (DE 15) is DENIED AS MOOT.

**IT IS SO ORDERED**.

Florence, South Carolina
January 6, 2026

Joseph Dawson, III
United States District Judge

4

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.